## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TEROME LEVI PORTER,       )
                              )
       Petitioner,       )
                              )
v.                         )     Case No.  CIV-14-1007-W
                              )
JOE M. ALLBAUGH,[1]     )
                              )
       Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C) (Docs. No. 3, 8).  Respondent filed a Response (Doc. No. 11) and Petitioner a Reply (Doc. No. 12).  After reviewing the pleadings and exhibits,[2] the undersigned recommends that the Petition be denied.

## BACKGROUND

In the District Court of Kay County, Oklahoma, in Case No. CF-2011-748, the State charged Petitioner with possession of a cell phone in jail, after a former felony conviction.  Resp. Ex. 4 (Doc. No. 11-4).  The jury found Petitioner guilty, and the trial

---

[1] Petitioner named Tim Wilkinson, Warden at the Davis Correctional Facility, as Respondent.  Pet. at 1.  However, because Petitioner is housed in a private prison, the proper Respondent is Joe M. Allbaugh, the Oklahoma Department of Corrections Interim Director.  *See* 28 U.S.C. § 2242; *Director's Office*, Okla. Dep't of Corr., http://www.ok.gov/doc/Organization/Director's_Office (last visited May 18, 2016).

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination.

court sentenced him to ten years' imprisonment. *Id.* Ex. 7 (Doc. No. 11-7); Ex. 8 (Doc. No. 11-8) at 8. Upon Petitioner's appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction. OCCA Summ. Op. (Resp. Ex. 3 (Doc. No. 11-3)) at 1-3.

## PETITIONER'S CLAIM

Petitioner raises two grounds that present essentially the same point: that the trial court misinterpreted the Oklahoma statute under which Petitioner was charged and, as a result, improperly instructed the jury on the applicable sentencing range. *See* Pet. at 3-7, 9-16.

## RELEVANT BACKGROUND

The State charged Petitioner with being an inmate in possession of a cell phone in jail, in violation of subsection 21(B) of title 57 of the Oklahoma Statutes. Resp. Ex. 4. Subsection 21(B) reads:

> If an inmate is found to be in possession of any item prohibited by this section, upon conviction, such inmate shall be guilty of a felony and shall be punished by imprisonment for a term of not less than five (5) years nor more than twenty (20) years in the custody of the Department of Corrections.

Okla. Stat. tit. 57, § 21(B). One item "prohibited by this section" is a "cellular phone." *Id.* § 21(E).

At trial, the state court instructed the jury that it could find Petitioner guilty if it found he was an inmate in a jail, and that he knowingly, willfully, and without authority had in his possession in any secure area of the jail any cellular phone or electronic device capable of sending or receiving any electronic communication. *See* Resp. Ex. 5 (Doc.

No. 11-5).  The trial court further instructed the jury that this crime, upon enhancement of the sentencing range for a former felony conviction, is "punishable by a term of imprisonment for not less than ten (10) years or up to Life in the penitentiary." *Id.* Ex. 6 (Doc. No. 11-6).

STANDARD OF REVIEW FOR HABEAS RELIEF

The Tenth Circuit has summarized the standard of review for evaluating state-court determinations challenged in federal court through a 28 U.S.C. § 2254 habeas proceeding:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we must apply a highly deferential standard in § 2254 proceedings, one that demands that state-court decisions be given the benefit of the doubt.  If a claim has been "adjudicated on the merits in State court proceedings," we may not grant relief under § 2254 unless the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).  The phrase "clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1), refers to the holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision.
>
> Under the "contrary to" clause of § 2254(d)(1), we may grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts. And under the "unreasonable application" clause, we may grant relief only if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  An unreasonable application of federal law is different from an incorrect application of federal law.  Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

*Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (alterations, citations, and internal quotation marks omitted).

Thus, to succeed on a habeas petition under 28 U.S.C. § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Under § 2254(d)(2), in turn, the relevant question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

ANALYSIS

Although Petitioner lists two grounds in his Petition, they each present the same basic claim and thus will be analyzed together. Petitioner asserts that he should have been charged and convicted under subsection 21(E) of title 57 of the Oklahoma Statutes rather than subsection 21(B). *See* Pet. at 3-7, 9-16. Subsection 21(E) applies when "any person" possesses a cell phone in jail, while subsection 21(B) applies when "an inmate" possesses a cell phone or other prohibited item in jail. *Compare* Okla. Stat. tit. 57, § 21(B), *with id.* § 21(E). The distinction is important, because—prior to any enhancement due to a prior felony conviction—the penalty for "any person" possessing a cell phone in jail is up to two years' imprisonment, while the penalty for "an inmate" possessing a cell phone in jail is not less than five and not more than 20 years' imprisonment. *See id.* Petitioner claims the trial court misinterpreted the statute, arguing that "the Legislature

4

has expressed its intent that any person, inmate or non-inmate, who possesses a working cell phone is a felon subject to up to 2 years in prison." Pet. at 11-12, 15. The improper result, says Petitioner, was that the trial court erroneously instructed the jury on the range of punishment applicable to him if convicted. *Id.* at 4-7.

The OCCA rejected Petitioner's arguments on direct appeal, holding:

> Despite [Petitioner's] argument to the contrary, because he was an "inmate" in possession of a cell phone, the sentencing provisions of 57 O.S.Supp.2009, § 21(B), providing for a term of imprisonment of not less than five years nor more than twenty years, governed his sentence. Any other construction of 57 O.S.Supp., § 21 would lead to absurd results that certainly could not have been intended by the Legislature (i.e., the inmate sentencing provisions specified in § 21(B) could never be applied, thereby rendering the language useless). When the sentencing range for an inmate in possession of a cell phone set out in 57 O.S.Supp.2009, § 21(B) is enhanced under 21 O.S.2011, § 51.1(A)(3) with [Petitioner's] prior felony conviction, the range of punishment for [Petitioner's] offense is ten years to life.

> The trial judge's construction of the sentencing statute as set out in the jury instructions was correct. . . . . [Petitioner's] due process and jury sentencing rights were not violated.

OCCA Summ. Op. at 2-3 (citations omitted).

*A. Clearly Established Law*

"[T]he fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Thus, when a habeas claim is based on an improper jury instruction, the initial inquiry must be "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (internal quotation marks omitted); *see also Locust v. Parker*, 413 F. App'x 51, 54 (10th Cir. 2011) ("Habeas proceedings may not be

used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." (internal quotation marks omitted)).

### B.  Application of the Clearly Established Law to the OCCA's Decision

The OCCA held the jury instructions did not violate Petitioner's due process rights, and the undersigned finds that decision to be a reasonable application of federal law.  Specifically, the OCCA—in rejecting Petitioner's direct appeal and approving the instructions given by the trial court—concluded that subsection 21(B) applied to the charged circumstances and exposed Petitioner to an unenhanced sentence range of no less than five years nor more than twenty years' imprisonment.  *See* OCCA Summ. Op. at 2-3.  The OCCA further confirmed the application of Oklahoma's prior-felony enhancement statute to increase the sentencing range for Petitioner to "ten years to life." *Id.* at 3.

A federal court is "bound by the [state court's] interpretation of state law." *Johnson v. United States*, 559 U.S. 133, 138 (2010); *see also Brown v. Buhman*, __ F.3d __, No. 14-4117, 2016 WL 2848510, at *6 n.6 (10th Cir. May 13, 2016) (collecting cases holding that "federal courts must defer to states' interpretations of their own statutes").  Because the OCCA held the instructions were proper under its interpretation of Oklahoma law, and Petitioner's claim demonstrates no errors rendering his trial fundamentally unfair, the OCCA's finding of no violation of due process to Petitioner was not contrary to or an unreasonable application of Supreme Court law.  *See* 28 U.S.C. § 2254(d)(1); *McGuire*, 502 U.S. at 72; *Parker v. Scott*, 394 F.3d 1302, 1318-19 (10th

Cir. 2005) (rejecting a habeas claim involving error in jury instructions because federal courts "must accept [the OCCA's] interpretation of state law"); *see also Barry v. Aldridge*, No. 13-040-RA-KEW, 2016 WL 1060249, at *8 (E.D. Okla. Mar. 15, 2016) (denying habeas relief in part because: "Interpreting Oklahoma law, the OCCA reviewed Petitioner's claims . . . and found no error.  A federal court is bound by a state court's interpretation of its own state laws.").

## RECOMMENDATION

For these reasons, the undersigned recommends the Court deny Petitioner's Petition for Writ of Habeas Corpus.

## NOTICE OF RIGHT TO OBJECT

The undersigned advises the parties of their right to object to this Report and Recommendation no later than June 9, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge and terminates the referral.

Entered this 19th day of May, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE