IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEROME LEVI PORTER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. CIV-14-1007-W ) |
| JOE M. ALLBAUGH, | ) ) ) |
| Respondent. | ) |

## ORDER

On May 19, 2016, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Terome Levi Porter, proceeding pro se, be denied. Porter was advised of his right to object, see Doc. 13 at 7, and the matter now comes before the Court on Porter's Reply to the State's Report and Recommendation, see Doc. 14, which the Court has construed as Porter's objection.

In October 2012, Porter was convicted in the District Court for Kay County, Oklahoma, of one count of possession of cell phone in jail, after former conviction of a felony, in violation of title 57, section 21(B) of the Oklahoma Statutes. State v. Porter, Case No. CF-2011-748. Pursuant to the jury's recommendation, the Honorable Philip A. Ross, District Judge for Kay County, sentenced Porter on January 7, 2013, to a term of imprisonment of ten (10) years. See Doc. 11-8.

On appeal, the Oklahoma Court of Criminal Appeals ("OCCA") confirmed that because Porter "was an 'inmate' in possession of a cell phone, the sentencing provisions of [section] 21(B), providing for a term of imprisonment of not less than five years nor more

than twenty years, governed his sentence." Porter v. State, Case No. F-2013-29, slip op. at 2 (Okla. Crim. September 24, 2013). The OCCA further found that "[w]hen th[at] sentencing range . . . [was properly] enhanced[1] . . . with Porter's prior felony conviction,[2] the range of punishment for Porter's offense [was] . . . ten years to life." Id. at 3. The OCCA determined that Judge Ross' "construction of the sentencing statutes as set out in the jury instructions was [therefore] correct[,]" id., and it affirmed Porter's conviction and sentence.

Upon de novo review of the record and after employing the highly deferential standards of title 28, section 2254(d) of the United States Code, the Court concurs with Magistrate Judge Goodwin's suggested disposition of the issue raised in Porter's Petition: whether Judge Ross misinterpreted section 21(B), under which Porter was charged by information, see Doc. 11-4, and consequently improperly instructed the jury on the applicable sentencing range. See Docs. 11-5, 11-6.

The OCCA has determined that the jury instructions were proper under its interpretation of Oklahoma law and Porter has demonstrated no error that renders his trial fundamentally unfair. E.g., Estelle v. McGuire, 502 U.S. 62 (1991). Because the OCCA's decision was not contrary to, or an unreasonable application of, clearly established federal law as interpreted by the United States Supreme Court, e.g., 28 U.S.C. § 2254(d)(1), the Court finds Porter is not entitled to the habeas relief he has requested.

---

[1] See 21 O.S. § 51.1(A).

[2] It was undisputed that Porter had a prior felony conviction, State v. Porter, Case No. CF-2008-359. See Doc. 11-4 at 2.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 13] issued on May 19, 2016;

(2) DENIES Porter's Petition [Doc. 1] file-stamped September 18, 2014; and

(3) ORDERS judgment issue forthwith in favor of respondent Joe M. Allbaugh and against Porter.

ENTERED this 8th day of June, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE